**TECOR, INC., formerly known as Lane Industries, Inc., Appellant,**

v.

**L. S. ALLEN, Jr., Appellee.**

**No. 5197.**

Court of Civil Appeals of Texas, Waco.

Nov. 9, 1972.

Robin P. Hartmann, Haynes & Boone, Dallas, for appellant.

Larry Feldman, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Tecor, Inc., from judgment for plaintiff Allen for $776.42 (plus attorney's fees) in a suit by plaintiff for asserted salary and commissions due.

Plaintiff Allen sued defendant Tecor alleging he worked for defendant as a salesman from November 24, 1970 to February 23, 1971, at a salary of $600. per month plus 3% commission; that defendant owes him $2000. salary plus $776.46 commission; and that defendant refuses to pay plaintiff. Plaintiff plead alternatively for $2776.46 on quantum meruit. Plaintiff further plead for $500. attorney's fees.

Defendant answered by general denial, and plead that plaintiff was employed on a straight commission basis of 10% on rentals and 50% of the profit earned from equipment sales; that defendant had made commission advances to plaintiff of $1547.-95; that plaintiff's earned commissions amounted to $776.46; and defendant by cross action prayed for judgment against plaintiff for the difference of $771.49.

Trial was to the court without a jury, which after hearing rendered judgment for plaintiff for $776.42, plus $200. attorney's fees; and further decreed defendant take nothing on its cross action.

Defendant appeals on 3 points contending;

1) There is no evidence to sustain the trial court's finding and judgment for plaintiff.

2) There is insufficient evidence to sustain the trial court's finding and judgment for plaintiff.

3) The trial court erred in rendering judgment that defendant take nothing on its cross action.

Plaintiff was originally employed by defendant in October 1969 as a salesman, on a $600. per month salary plus 2% commission. In December 1969 plaintiff's commission was discontinued, but he was continued in employment on a salary of $600. per month. Plaintiff received his salary until November 24, 1970, when he had a meeting with Mr. Lane, defendant's president. Mr. Lane testified he told plaintiff he was not producing enough business to be continued on a salary, but he could stay with the company on a commission basis of 50% of profit on sales that he made. Plaintiff acknowledged the meeting with Mr. Lane, but testified he did not recall Mr. Lane telling him he was on the commission basis and not on a salary; and further that Mr. Brown, plaintiff's superior told him he would continue to receive his salary. Mrs. Jackson, defendant's office manager testified she heard Mr. Brown tell plaintiff he would receive his salary; but that she told plaintiff he was on the 50% of profit on sales commission only, and would not continue to receive any salary. Mr. Couch, defendant's Secretary-Treasurer testified he told plaintiff he was on the commission basis only, and was not on a salary.

Plaintiff received $1547.95 in advancements from defendant during the November 24, 1970 to February 23, 1971 period; and would be entitled to $776.46 in commissions on the 50% of profit on sales that he made, if he was on the commission basis.

Plaintiff was paid no salary during the November 24, 1970 to February 23, 1971 period. On February 23, 1971 he quit working for defendant and thereafter filed this suit.

Under the evidence plaintiff could only be on a $600 per month salary, or on

a 50% of profit on sales made commission. If he was on a salary he is entitled to $1800.; if he was on the 50% commission basis he is entitled to $776.46. It is .undisputed plaintiff received $1547.95 in advancements. There is no way the trial court could properly render judgment for plaintiff for $776.42, and at the same time dismiss defendant's cross action.

The trial court expressly found plaintiff had a contract with defendant for $600. per month salary. This finding is sustainable from the record. And it is undisputed defendant made $1547.95 advances to plaintiff, for which defendant filed its cross action.

We sustain point 3.

From the record plaintiff is entitled to $1800.; and defendant is entitled to $1547.-95.

The judgment is reformed to delete plaintiff's recovery of $776.42, and substitute therefor a recovery of $252.05 ($1800.00 less $1547.95) plus $200. attorney's fees. Costs of appeal are divided one-half each between the parties.

Reformed and affirmed.